**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30353 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00270-RSL-3 |
| v. | |
| TUYET THI-BACH NGUYEN, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted February 1, 2010
Seattle, Washington

Before: ALARCÓN, W. FLETCHER and RAWLINSON, Circuit Judges.

Appellant Tuyet Nguyen challenges her below-Guidelines sentence of 24 months for Introduction into Interstate Commerce of Misbranded Medical Devices in violation of 21 U.S.C. §§ 331(a) and 333(a). Nguyen appeals the district court's application of three enhancements in calculating her sentence: 1) a 16-level

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(I) for the total amount of loss of over $1 million; 2) a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(4) for trafficking of stolen property; and, 3) a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c) based on her leadership role in the crimes.

# I

The district court did not err in applying a 16-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(I) for an amount of loss of over $1 million. The district court properly found that the reversed convictions were relevant to the mislabeling crimes and were proved by a preponderance of the evidence. *See United States v. Cruz-Gramajo*, 570 F.3d 1162, 1171 (9th Cir. 2009) ("The provisions of § 1B1.3 are written broadly to provide sentencing judges maximum discretion, allowing flexibility in their application to a variety of crimes and circumstances.").

# II

The district court did not err in adding a two-level enhancement to Nguyen's sentence pursuant to U.S.S.G. § 1B1.3 and U.S.S.G. § 2B1.1(b)(4) for trafficking of stolen property. In applying the adjustments under the Sentencing Guidelines, the district court can consider conduct involved in the reversed convictions that has been proved by a preponderance of the evidence. *United States v. Newland*, 116 F.3d 400, 405 n.3 (9th Cir. 1997).

2

Even though receipt of stolen property was not an element of the crimes of conviction, the district court did not err in applying the enhancement because the reversed theft and conspiracy crimes were relevant to the crimes of conviction under U.S.S.G. § 1B1.3 and were proved by a preponderance of the evidence. *See Cruz-Gramajo*, 570 F.3d at 1170 ("The purpose of § 1B1.3 of the Guidelines, Relevant Conduct, is to 'capture the real offense behavior' involved in defendant's conduct.") (internal citation omitted).

### III

The district court did not clearly err in applying a two-level enhancement to Nguyen's sentence pursuant to U.S.S.G. § 3B.1.1(c) based on her leadership role in the crimes. Nguyen has failed to demonstrate that the district court's application of the two-level leadership enhancement was clearly erroneous. As such, the district court's two-level enhancement was warranted under U.S.S.G. § 3B1.1(c).

**AFFIRMED.**